PROVOSTY, J.
The Union Irrigation Company was organized for the purpose of constructing and operating a canal for the irrigation of lands for the cultivation of rice.
In May, 1913, E. A. Staman, the defendant in the main proceeding in this case, purchased from Dr. Charles E. Boagni, the plaintiff in the main proceeding in this case, five tracts of land. The purchase was made on a credit in part; and a vendor’s privilege was reserved, and a mortgage stipulated, on said lands to secure said credit. Shortly thereafter the Union Irrigation Company went into possession of said lands for cultivating rice, under an agreement with said Staman, and under the belief that it would be permitted to have the use of same for a fair rental value, and, at an expense of more than $5,000, dug through, and in close proximity to, four of these tracts of land a canal 40 feet in width and ranging from 6 to 8 feet in depth, connecting with the drainage canal of one of the public drainage districts; furthermore, at an expense of $30,-000, it enlarged and deepened the canal of said public drainage district so as to make it effective in carrying off the waters from the said latter four tracts of land, and by these works converted these four tracts of land from swamp into cultivable land, and increased their value $10 per acre. Said canals were dug by said company to the knowledge of both the said Staman and Dr. Boagni, and with no objection on their part.
In July, 1914, Dr. Boagni, instituted suit against E. A. Staman to foreclose his said mortgage and vendor’s privilege, and caused said five tracts of land to be seized and advertised for sale.
The Union Irrigation Company, through its receivers, who, in the meantime, had been appointed to take charge of its affairs, sought to intervene in said suit, by way of third opposition, to claim, by preference over the seizing creditor, out of the proceeds of said sale, the said increased value of said property; and it presented a petition to the learned respondent judge, asking that the sheriff be ordered to retain, out of the proceeds of said sale, an amount sufficient to satisfy said claim.
The learned respondent judge refused to make this order; and the said receivers, relators herein, instituted in this court the present mandamus proceeding to compel him to do so.
Among other reasons assigned by our learned Brother for his said refusal is that the Union Irrigation Company did not possess, by virtue of a title, translative of property, and therefore cannot, by any possibility, bring itself within the definition of a possessor in good faith, as contained in articles 503, 3451, 3452 of the Code.
We concur in that view. The tenant’s possession is that of the lessor. Any improvements he makes, if inseparable from the soil, become necessarily the property of the lessor. They become such absolutely. That is to say, all legal relation ceases between him and them, except that, having become incorporated into the leased premises, they pass under the lease, and he becomes the lessee of them as of the other parts of the premises. When the mortgagee takes the property, including these improvements, he does not take anything belonging to the tenant, and hence does not owe him any indemnity. The lessor alone, if any one, owes the indemnity. But it is a purely personal *39 obligation on his part, not binding either the property or the mortgagee — not in any way, shape, or form. Perhaps the obligation of the mortgagee to indemnify the third person, at whose expense he is enriched, is- morally as great in such a case as when the third person possesses as owner; but legally he takes nothing belonging to the lessee, and therefore owes him nothing.
The order nisi herein is recalled at the cost of the relators.
O’NIELL, J., concurs in the decree.